*Tobin v. Maier Elecs., Inc..*, No. 66-2-12 Bncv (Wesley, J., June 24, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT                                                    CIVIL DIVISION
Bennington Unit                                            Docket No. 66-2-12 Bncv

---

## Tobin vs. Maier Electronics, Inc. et al

---

# ENTRY REGARDING MOTION

Count 1, Wrongful Employment Termination (66-2-12 Bncv)
Count 2, Wrongful Employment Termination (66-2-12 Bncv)
Count 3, Wrongful Employment Termination (66-2-12 Bncv)

Title:          Motion Reconsideration (Motion 7)
Filer:          Betty Tobin
Attorney:       Jeremy Dworkin
Filed Date:     May 27, 2014

Response filed on 06/04/2014 by Attorney Joel P. Iannuzzi for Defendant Caroline Maier

**The motion is DENIED.**

### Decision and Order Denying Plaintiff's Motion for Reconsideration

On May 27, 2014, Plaintiff moved for reconsideration of the May 15, 2014 order that partially granted summary judgment to Defendants. Specifically, Plaintiff argues the Court erred in not considering all of the disputed facts that supported Plaintiff's claim for intentional infliction of emotional distress against Caroline Maier. Plaintiff also believes the Court failed to consider her hostile work environment claim against Caroline Maier. Defendants opposed the motion for reconsideration on June 4, 2014. Defendants argue Plaintiff seeks to reargue issues the Court decided in its May 15, 2014 order. Defendants also assert the Court properly determined the undisputed facts for these claims and the Court's application was correct.

Parties may seek reconsideration of an order. *See In re SP Land Co., LLC*, 2011 VT 104, ¶ 16, 190 Vt. 418; *Brislin v. Wilton*, No. 2009-236, 2010 WL 712556, *3 (Vt. Feb. 2010). The Court may reconsider its rulings where a party shows a manifest error of fact or law. *See Brislin*, 2010 WL 712556, *3. Motions to reconsider should not be used to allow a party a second chance to raise its arguments. *See id.*

Plaintiff emphasizes the brevity of the Court's description of the requirements of a claim for intentional infliction of emotional distress. Plaintiff fails, however, to consider the Court's discussion of the background, procedural history, and undisputed facts in this case. Under the undisputed facts recognized by the Court, there is no basis for a reconsideration of the Court's conclusion that Plaintiff does not have a claim for intentional infliction of emotional distress against Caroline Maier.

Plaintiff also failed to establish the disputed facts she now seeks to use. To establish a fact as disputed, a non-moving party must attach a statement of undisputed facts that describes those facts with citations to the record. V.R.C.P. 56(c)(1)(A). A non-moving party must address the undisputed facts of the moving party or the Court may treat the facts as established. V.R.C.P. 56(e)(2). Here, Plaintiff did not address paragraph six of Defendants' statement of undisputed facts. Moreover, her statement of disputed facts did not describe the facts on which she now relies. Instead, Plaintiff referenced her affidavit and the Court found much of that affidavit contradicted her deposition testimony. Under these circumstances, the Court is not required to find that Plaintiff has demonstrated material facts which remain in dispute.

Plaintiff also seeks reconsideration of the Court's evaluation of her claim under the Vermont Fair Employment Practices Act. In paragraph 13 of her amended complaint, Plaintiff asserted a claim against Caroline Maier for sex discrimination. The Court determined there was insufficient evidence to support a claim of sex discrimination, because Caroline Maier's alleged actions do not fall under the definition of sexual harassment under 21 V.S.A. § 495d(13). The Court will not reconsider its ruling because Plaintiff only rephrases arguments the Court rejected in the May 15, 2014 order.

**Order**

The Court **DENIES** Plaintiff's motion for reconsideration.

So ordered.

Electronically signed on June 23, 2014 at 05:09 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Jeremy Dworkin (ERN 4123), Attorney for Plaintiff Betty Tobin
Joel P. Iannuzzi (ERN 3722), Attorney for Defendant Maier Electronics, Inc.
Joel P. Iannuzzi (ERN 3722), Attorney for Defendant Siegfried Maier
Joel P. Iannuzzi (ERN 3722), Attorney for Defendant Caroline Maier
Stephen L. Saltonstall (ERN 3215), Attorney for party 1 Co-counsel
Neutral Mediator/Arbitrator/Evaluator Arthur J. O'Dea